HUNG HA, aka James Ha, Plaintiff—Appellant,

v.

SWEET; et al., Defendants—Appellees.

No. 10–15886.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 21, 2011.*

Filed Nov. 29, 2011.

Hung Ha, Berkeley, CA, pro se.

Before: TASHIMA, BERZON, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Hung Ha appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging constitutional and state law violations in connection with several incidents that occurred while he was exercising barefoot or in sandals at U.C. Berkeley athletic facilities. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915(e)(2). *Huftile v. Miccio–Fonseca,* 410 F.3d 1136, 1138 (9th Cir.2005). We may affirm on any ground supported by the record. *Johnson v. Riv-*

---

** This disposition is not appropriate for publication and except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*erside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir.2008). We affirm.

The district court properly dismissed Ha's First Amendment claims because Ha's conduct was not "inherently expressive." *Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*, 547 U.S. 47, 66, 126 S.Ct. 1297, 164 L.Ed.2d 156 (2006).

The district court properly dismissed Ha's Fourteenth Amendment claims because Ha did not allege a constitutionally protected liberty interest to give rise to a due process claim. *See Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1029 (9th Cir.2010) ("To succeed on a substantive or procedural due process claim, the plaintiffs must first establish that they were deprived of an interest protected by the Due Process Clause.").

Dismissal of Ha's Fourth Amendment claims was proper because the officers' conduct was reasonable under the circumstances. *See Desyllas v. Bernstine*, 351 F.3d 934, 940 (9th Cir.2003) (a detention by law enforcement officers does not violate the Fourth Amendment if the officers' conduct is reasonable under the circumstances).

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990, 992 (9th Cir.2009).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Ha's state law claims after dismissing the federal claims. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir.2001).

Ha's remaining contentions, including those concerning his in forma pauperis application, are unpersuasive.

All pending motions are denied.

**AFFIRMED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.